IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| James E. Thompson, | ) | C/A No. 3:18-3212-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| City of Columbia, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, James E. Thompson, filed this action against his current employer pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq.; and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq.. He also alleges a state law claim of defamation. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) on the defendant's Rule 12(b)(6) motion to dismiss all of Thompson's claims. The motion has been fully briefed and is ready for resolution.

This motion illustrates the common occurrence where defense counsel removes a case from state court and then attacks the plaintiff's complaint for failing to meet federal pleading standards. See Ashcroft v. Iqbal, 556 U.S. 662, 677-80, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (requiring the complaint to contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face). Of course, the plaintiff was not required to meet those standards when drafting a pleading for filing in state court. And, although the plaintiff argues in his memorandum in opposition to the defendant's motion that his pleading does in fact satisfy the

*PJG*

federal rules of civil procedure and applicable case law, the factual allegations of his Complaint do not go quite so far as what counsel argues in the brief.[1] Because it appears that further factual averments could render his claims plausible, the court hereby grants him twenty-one days to file an amended complaint. (Pl.'s Mem. Opp'n Mot. Dismiss at 11 n.1, ECF No. 7 at 11 n.1) (requesting leave to amend).

Accordingly, it is hereby

**ORDERED** that the plaintiff is granted twenty-one days to file an amended complaint. It is further

**ORDERED** that the defendant's motion (ECF No. 4) is hereby **DISMISSED** from the docket without prejudice to refile if the plaintiff's amended complaint does not cure those deficiencies.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 22, 2019
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[1] As one example, the plaintiff argues in his brief that his pleading is distinguishable from the one found deficient in McCleary-Evans v. Maryland Dep't of Transp., 780 F.3d 582 (4th Cir. 2015), because he avers that he was more qualified than other applicants, giving as an example that he took training classes and received certifications that others outside the protected class did not have. The actual paragraphs referenced in the Complaint, however, are silent about whether the other applicants had similar qualifications, training, and certifications; instead, they essentially allege that the plaintiff was qualified for the promotions but did not get them. (See, e.g., Compl. ¶ 17, ECF No. 1-1 at 4.) This is the same defect identified in McCleary-Evans, 780 F.3d at 584, 586-88.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).